Filed 2/18/25  P. v. Bailey CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084400 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE379365) |
| DANIEL KEITH BAILEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David L. Berry, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

### MEMORANDUM OPINION

Daniel Keith Bailey appeals from an order sustaining a petition to extend his commitment as an offender with mental health disorder pursuant to Penal Code[1] sections 2970 and 2972.  Bailey's counsel raises one arguable issue for our review and asks us to independently review the record for

---

[1]     Further statutory citations are to the Penal Code.

reversible error under *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We agree with the reasoning and holding in *People v. Taylor* (2008) 160 Cal.App.4th 304 (*Taylor*), however, that the procedures set forth in *Wende* and *Anders* for criminal defendants do not apply to an extension of a civil commitment pursuant to sections 2970 and 2972. We thus dismiss the appeal.

## FACTUAL BACKGROUND

In 2018, Bailey pled guilty to one count of assault with a means of force likely to cause great bodily injury in violation of section 245, subdivision (a)(4), after assaulting his mother. He was subsequently sentenced to four years in state prison, and later committed to Atascadero State Hospital as an offender with mental health disorder (OMHD) under section 2962. OMHDs include inmates who "ha[ve] a severe mental health disorder that is not in remission or that cannot be kept in remission without treatment" and are thus "provided necessary treatment by the State Department of State Hospitals" as a condition of parole. (*Id.*, subd. (a)(1).)

On January 25, 2023, the People filed a petition to extend Bailey's commitment for one year under sections 2970 and 2972. After a bench trial, the court sustained the petition.

On February 6, 2024, the People again petitioned to extend Bailey's commitment for one year. The court held a trial, at which the People presented testimony from three doctors.

Brenna Giordano, a forensic psychologist employed by Atascadero State Hospital, testified Bailey had been diagnosed with schizophrenia. Giordano agreed Bailey's illness "has substantially impaired his thought perception of reality, emotional process or judgment" or has "grossly impaired his behavior," that it was not in remission, and that Bailey "continues to

2

represent a substantial danger of physical harm to others due to [his] mental illness.  She opined that Bailey "has not been able to sufficiently . . . recognize his symptoms that he has experienced in the past, which suggests that if he were to experience those symptoms in the community, he would not recognize that they are happening and seek the support or help that he would need to address his symptoms."

Next, Daniel Brockett, a psychiatrist, testified he had been appointed by the court as a neutral examiner.  In his opinion, Bailey's mental illness was consistent with schizoaffective disorder bipolar type, meaning Bailey suffers from psychosis and "symptoms consistent with bipolar disorder."  Brocket also opined that Bailey's illness was not in remission and that he presented a substantial danger of physical harm to others.  Brockett noted Bailey had recently had a violent incident and did not "have very good insight into his mental illness," believing incorrectly that his problems were "all related to substance" abuse.

Third, Nicole Friedman, a court-appointed psychologist, testified she was unable to meet with Bailey because he refused the evaluation, but she had reviewed his records.  Friedman agreed that Bailey has schizoaffective disorder bipolar type that is not in remission.  She opined, based on his continued physical and verbal aggression and his past noncompliance with his medication, that he continues to pose a substantial danger of harm to others.

Finally, Bailey testified on his own behalf.

The court determined the petition's allegations were true and recommitted Bailey to the Department of State Hospitals for an additional one-year term.

## DISCUSSION

Bailey's appointed counsel filed a brief summarizing the facts and proceedings below and identifying one issue for review: "whether the evidence was sufficient to sustain the petition[.]" Counsel also argues we should independently review the record on appeal for reversible error under *Wende/Anders*. Bailey was provided a copy of counsel's brief and informed of his right to file a supplemental brief. He has not done so.

This court generally follows *Taylor, supra*, 160 Cal.App.4th 304 and dismisses such appeals because the procedures set forth in *Wende* and *Anders* for *criminal* defendants do not apply to an extension of a *civil* commitment under the OMHD statute, section 2960 *et seq*.

The Supreme Court has held that the *Anders/Wende* independent review procedures do not apply to civil commitments under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 539.) The Second District in *Taylor* concluded the *Wende/Anders* procedures likewise do not apply to OMHD commitment cases. (*Taylor, supra*, 160 Cal.App.4th at p. 308.) The court discussed *Ben C.* and other relevant cases to conclude that the *Anders/Wende* review procedures do not apply to postconviction commitments under the OMHD statute. (*Id.* at p. 312.) *Taylor* reasoned that *Wende/Anders* review is only required for appointed counsel's representation of an indigent defendant in a criminal case, and we are bound by the Supreme Court's characterization of the OMHD statute as " 'a civil commitment scheme.' " (*Ibid*.) The court commented that the Rules of Court ensure sufficient advocacy for OMHDs on appeal, and that due process does not require the extension of *Anders/Wende* to appeals from such commitment orders. (*Id.* at p. 313.) Accordingly, *Taylor*

4

dismissed the appeal without conducting an independent review of the record.  (*Ibid*.)

We agree with *Taylor*'s reasoning and apply it here.  No reasonably arguable issues have been raised by counsel and we decline to exercise our discretion under *Ben C.* to conduct an independent review of the record in this case under *Anders/Wende* or otherwise.  (See *Taylor, supra*, 160 Cal.App.4th at p. 313.)  Accordingly, we dismiss the appeal.

## DISPOSITION

The appeal is dismissed.


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


CASTILLO, J.